[929 NYS2d 872]

In the Matter of ENID J. CRUZ, Also Known as ENID NALERIO, an Attorney, Resignor.

Second Department, September 27, 2011

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of Florida dated August 18, 1988 (529 So 2d 1100 [Fla 1988]), the resignor was disbarred in that state, based upon four instances in which she agreed to provide representation to clients, accepted payments of fees and then failed to provide services, and abandoned clients without notice and without refunding the fees. The resignor is aware that under 22 NYCRR 691.3, she is subject to reciprocal discipline in New York, based upon her disbarment in Florida.

The resignor is also aware of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of her professional misconduct, based upon her failure to reregister as an attorney with the Office of Court Administration since 1990.

The resignor has submitted an affidavit of resignation wherein she avers that she would not be able to successfully defend herself on the merits against charges predicated upon the foregoing. The resignor further acknowledges that her resignation is freely and voluntarily tendered; that she is not being subjected to coercion or duress by anyone; and that she is fully aware of the implications of submitting her resignation, including the fact that she is barred from applying for reinstatement as an attorney and counselor-at-law for a period of seven years.

The Grievance Committee recommends that the Court accept the resignation of Enid J. Cruz, also known as Enid Nalerio, from the bar and that her name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation is in reasonable compliance with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Enid J. Cruz, also known as Enid Nalerio, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RIVERA, SKELOS, DILLON and LOTT, JJ., concur.

Ordered that the resignation of Enid J. Cruz, also known as Enid Nalerio, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Enid J. Cruz, also known as Enid Nalerio, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Enid J. Cruz, also known as Enid Nalerio, shall promptly comply with this Court's rules governing the conduct

of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Enid J. Cruz, also known as Enid Nalerio, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Enid J. Cruz, also known as Enid Nalerio, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).